UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JEAN PAUL VAN AVERMAET,** *et al.***,**<br><br>**Defendants.** | No. 21-cr-443-TSC-ZMF-4 |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

In June 2021, a grand jury indicted Defendant Jean Paul Van Avermaet for allegedly "enter[ing] into and engag[ing] in a combination and conspiracy to suppress and eliminate competition by allocating customers, rigging bids, and fixing prices for contracts for the provision of security services in Belgium, including those with the United States, through the Department of Defense, and those with the North Atlantic Treaty Organization (NATO) Communications and Information Agency" ("NCIA"). Indictment ¶ 16, ECF No. 1.

Defendant now moves the Court[1] to issue two letters rogatory. *See* Mot. Issuance Req. Int'l Jud. Assistance Produc. Docs. ("NATO Mot."), ECF No. 78; Mot. Issuance Req. Int'l Jud. Assistance Produc. Docs. ("BCA Mot."), ECF No. 79 (collectively, "Mots."). The letters rogatory seek certain discovery from NATO and the Belgian Competition Authority ("BCA"). *See* NATO Mot. at 5; BCA Mot. at 5. Defendant alleges that both entities may possess documents material to

---

[1] On January 26, 2023, Judge Tanya S. Chutkan referred this case to the undersigned for full case management. *See* Min. Order (Jan. 26, 2023).

1

the preparation of his defense. *See* NATO Mot. at 1; BCA Mot. at 2. Defendant's request is not opposed by the government. *See* U.S. Consol. Resp. Def.'s Mots. ("Resp.") 1, ECF No. 80.

## II.     LEGAL STANDARD

A "party seeking to issue a letter rogatory is asking the United States, through this Court, to request the assistance of a foreign country in obtaining discovery." *Abraxis BioScience, LLC v. Actavis, LLC*, No. 16-cv-1925, 2017 WL 2293347, at *2 (D.N.J. May 25, 2017).[2] "The decision to issue letters rogatory lies within the discretion of the district court." *United States v. Mason*, 919 F.2d 139 (4th Cir. 1990) (per curiam) (citing *Leasco Data Processing Equip. Corp. v. Maxwell*, 63 F.R.D. 94 (S.D.N.Y. 1973)).

## III.    DISCUSSION

"The standard for issuance of a letter rogatory is the same as if the evidence were located in the United States, thus requiring Defendant[] to satisfy both the requirements of Federal Rule of Criminal Procedure 17[3] and *United States v. Nixon* to obtain evidence that is located abroad." *United States v. Coburn*, No. 19-cr-120, 2022 WL 357217, at *15 (D.N.J. Feb. 1, 2022) (citing 418 U.S. 683, 700 (1974)) (cleaned up). "Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *United States v. Libby*, 432 F. Supp. 2d 26, 30 (D.D.C. 2006) (quoting *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980)). As interpreted by *Nixon*,

---

[2] Letters rogatory typically issue to foreign sovereigns. NATO is "a political and military alliance" of thirty-two member countries. *See* NATO, *What is NATO?*, https://www.nato.int/nato-welcome/. It is not entirely clear what procedural vehicle Defendant should use to request discovery from this quasi-governmental entity; the Court accordingly finds that a letter rogatory is appropriate. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Strong*, 608 F. Supp. 188, 191 (E.D. Pa. 1985) (holding that letters rogatory in a criminal matter may issue under Rule 57(b)).

[3] Rule 17 regulates the issuance of subpoenas. *See* Fed. R. Crim. P. 17.

"to compel production of documents under Rule 17(c), the party seeking production 'must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.'" *Id.* at 31 (quoting *Nixon*, 418 U.S. at 700). "The burden of satisfying the 'exacting standards' of the three-part *Nixon* test falls 'on the party requesting the information.'" *United States v. Fitzsimons*, 342 F.R.D. 18, 20 (D.D.C. 2022) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 386–87 (2004)).

A. *Nixon* Factors

"The first prong of this test—relevance—requires the Court to assess whether the documents sought have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (quoting Fed. R. Evid. 401). If the information sought is "arguably relevant," this requirement "is likely satisfied." *Id.* Here, documents showing whether U.S. funds were used to pay for the NATO security-services contract *may* concern an element of the offense charged. *See* NATO Mot. at 6. Additionally, communications describing the BCA's instructions to Securitas *may* allow Defendant to impeach government witnesses or raise certain defenses.[4] *See* BCA Mot. at 6. The documents sought are "arguably" relevant. *See Libby*, 432 F. Supp. 2d at 31.

Second, "[i]f the documents are deemed relevant, the Court must then determine whether they would be admissible." *Id.* "Admittedly, it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents," so if material sought is "arguably relevant and admissible," this "requirement is likely satisfied." *Id.* (citing *United States v. Orena*, 883 F. Supp. 849, 868 (E.D.N.Y. 1995)). "[D]ocuments sought pursuant to a Rule 17(c) subpoena can be deemed admissible for a variety of purposes, including impeachment." *Id.* (first citing

---

[4] The government disputes the significance of this potential evidence, *see* Resp. at 2, 4–5, but does not oppose the requested relief, *see* Resp. at 1.

*Nixon*, 418 U.S. at 701; then citing *United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988)). The government has not argued that the material sought is inadmissible, nor is there an obvious reason why it would not be. *See* Resp. at 1. Thus it is "arguably" admissible. *Libby*, 432 F. Supp. 2d at 31.

Third, the discovery sought "must also be specific." *Id.* With respect to NATO, Defendant requests documents (1) "showing the extent to which the funds that the United States contributed to NATO were used for the security-services contract IFBCO-15561-GSK," (2) related to the bidding process on that contract, and (3) reflecting internal NATO communications about the bidding process and award decision on that contract. NATO Mot., Ex. 8, Letter Rogatory 1, ECF No. 78-8. With respect to the BCA, Defendant requests "documents and information related to communications between the [BCA] and the United States related to the conduct described in the [] indictment." BCA Mot., Ex. 8, Letter Rogatory 1, ECF No. 79-8. The Court will not "place the defendant in the impossible position of having to provide exquisite specificity . . . while he is denied access to the documents in question, thus making it impossible for him to be more specific." *United States v. Poindexter*, 727 F. Supp. 1501, 1510 (D.D.C. 1989). The government has not argued specificity. *See* Resp. at 1. Defendant's requests satisfy the specificity requirement.

B.  International Comity

"When weighing requests for international discovery . . . courts should not overlook factors relevant to international comity." *Jaguar Land Rover Ltd. v. DR. ING. H.C. F. Porsche AG*, No. 21-mc-62, 2021 WL 3075698, at *1 (D.D.C. June 22, 2021) (citing *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 396–97 (3d Cir. 2021)). Five factors inform the comity analysis: "(1) the importance to the litigation . . . of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the

United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987).

Here, the factors weigh in favor of granting Defendant's request. First, as described above, the discovery sought may be relevant and material to the defense. Second, Defendant requests specific documents tailored to discrete issues.

Third, the requests seek documents that originate with NATO and in Belgium. *See* NATO Mot. at 8; BCA Mot. at 10. When information originates abroad, this "weigh[s] against issuing the letters of request." *Arcelik*, 856 F. App'x at 399. However, this can be "overcome" by the fourth factor—whether there are "no alternative means for [Defendant] to obtain the information." *Id.* Both parties have attempted to acquire the requested information from NATO. *See* NATO Mot. at 3–4; Resp. at 2–4. NATO has denied the requests. *See* NATO Mot. at 9. Defendant has also failed to obtain information from the BCA. *See* BCA Mot. at 10. There appears to be no alternative means through which Defendant can obtain the information sought. *See Arcelik*, 856 F. App'x at 399.

Fifth, "the U.S. has a very important interest in a defendant being able to exercise its discovery rights and its right to prepare a defense." *Id.* (internal quotation marks omitted). And NATO and Belgium "will ultimately decide about specific documents" they choose to produce, obviating any concern about undermining their interests. *Id.* Indeed, NATO representatives have already informed the parties that NATO "enjoys full immunity from every form of legal process" and "every form of data or documentation handled by NCIA (as a subsidiary body of NATO) is covered by the inviolability of NATO archives." NATO Mot., Ex. 4 at 2–3. As for the BCA, the

U.S. Department of State has stated that "defendants or their defense counsel seeking judicial assistance [from Belgium] in obtaining evidence . . . in connection with criminal matters may do so via the letters rogatory process." *Belgium Judicial Assistance Information*, U.S. Dept. of State (Mar. 23, 2018), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Belgium.html. The Court concludes that the fifth factor weighs in favor of granting Defendant's request. *See Arcelik*, 856 F. App'x at 399–400.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motions for issuance of the requested letters rogatory. Defendant is **DIRECTED** to coordinate with the Clerk's Office the issuance of the letters rogatory with appropriate certification.

This is a final order issued pursuant to Local Criminal Rule 59.1. The parties are hereby advised that, under the provisions of Local Criminal Rule 59.1(b) of the U.S. District Court for the District of Columbia, any party who objects to this Order must file a written objection thereto within fourteen days. When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 59.1(c).

Date: August 15, 2024

                                                                            _____
                                                                            ZIA M. FARUQUI
                                                                            UNITED STATES MAGISTRATE JUDGE