UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JEAN-PAUL VAN AVERMAET,<br><br>                    Defendant. | Case No. 1:21-CR-443-004 (TSC) (ZMF)<br><br>Violation: 15 U.S.C. § 1 Conspiracy in Restraint of Trade |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States submits this Memorandum regarding an appropriate sentence in this case. The Government submits that a sentence requiring the defendant to pay a criminal fine of $20,000, and to serve a period of three (3) years' probation (the "Recommended Sentence"), would adequately serve the interests of justice under 18 U.S.C. § 3553(a). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties have agreed that the Recommended Sentence would be an appropriate disposition in this case. The Government respectfully urges the Court to accept the defendant's plea of guilty and to impose the Recommended Sentence.

## THE PLEA AGREEMENT

On January 14, 2025, the parties entered into a Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (the "Plea Agreement"). Defendant Jean Paul Van-Avermaet (the "Defendant" or "Van Avermaet") agreed to plead guilty to the single-count Indictment, which charges him with conspiracy in restraint of trade, in violation of 15

U.S.C. § 1. The Government and Van Avermaet agreed that the appropriate disposition of this case is the Recommended Sentence in Paragraph 9 of the Plea Agreement.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court accepts the plea agreement, the Recommended Sentence binds the Court. Conversely, if the Court rejects the Recommended Sentence, either party may elect to be relieved of the terms of the plea agreement and the parties will be returned to the status prior to the entry of the plea agreement.

## **FACTUAL BACKGROUND**

During the indicted conspiracy, which began at least as early as Spring 2019 and continued until at least Summer 2020 (the "Relevant Period"), the Defendant was employed as the Cluster Managing Director for Belgium, France, Luxembourg and Morocco at G4S Secure Solutions NV ("G4S"),[1] an entity organized and existing under the laws of Belgium and with its principal place of business in Brussels, Belgium. Presentence Report (hereinafter "PSR") at ¶¶ 4, 21-22. Within the Relevant Period, G4S was in the business of providing security services, including staffing guards to protect buildings, mobile monitoring of certain locations, and electronic surveillance of defined areas. *Id.* at ¶¶ 17, 21.

Within the Relevant Period, the Defendant participated in a conspiracy among major Belgian security services providers, the primary purpose of which was to suppress and eliminate competition by allocating customers, rigging bids, and fixing prices for certain contracts for the provision of security services in Belgium with the United States, through the Department of Defense, and with the NCI Agency of the North Atlantic Treaty Organization (NATO), which is funded in part by the United States. *Id.* at ¶¶ 30, 47. In furtherance of the conspiracy, the

---

[1] The Defendant's tenure as Cluster Managing Director at G4S ended in January 2020, PSR at ¶ 22, when he became CEO of Belgium's postal service, *id.* at ¶ 94.

Defendant attended a meeting with representatives of other major security services providers during which he engaged in discussions and during which an agreement was reached to suppress competition for certain contracts for the provision of security services to the United States and NATO. *Id*. at ¶¶ 32(a), 47.

Within the Relevant Period, security services were provided by one or more of the conspirator firms to the United States Department of Defense, and proposals, contracts, invoices for payment, payments, and other documents and items essential to the provision of security services were transmitted in foreign trade and commerce between the Defendant's employer and its co-conspirators located in Belgium and their customer located in the United States. *Id*. at ¶¶ 33-34. The conspiracy had a direct, substantial, and reasonably foreseeable effect on U.S. domestic commerce. *Id*.

## **SENTENCING CALCULATION**

**I.   Maximum Penalties**

The violation of 15 U.S.C. § 1 carries a statutory maximum penalty of:

(1)   a term of imprisonment of ten (10) years (15 U.S.C. § 1);

(2)   a fine in an amount equal to the greatest of: (1) $1 million; (2) twice the gross pecuniary gain the conspirators derived from the crime; or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(3)   a term of supervised release of three (3) years following any term of imprisonment. If the Defendant violates any condition of supervised release, the Defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") § 5D1.2(a)(2)).

PSR ¶ 6. In addition:

(1)   pursuant to U.S.S.G. § 5El.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order the Defendant to pay restitution to the victims of the offense; and

  (2)  pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the Defendant to pay a $100.00 special assessment upon conviction for the charged crime.

*Id*.

## II. Sentencing Guidelines Calculation

The PSR properly calculated the Defendant's Guidelines as follows:

| | | |
|---|---|---|
| U.S.S.G. §2R1.1(a) | Base Offense Level | 12 |
| U.S.S.G. §2R1.1(b)(1) | Specific Offense Characteristics | +1 |
| U.S.S.G. §3B1.1(b) | Aggravating Role: Manager or Supervisor | +3[2] |
| U.S.S.G. §3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | Total Offense Level: | 13 |

PSR ¶ 49-58. Because the Defendant has no criminal history points, he is in Criminal History Category I. *Id*. at ¶ 61. Accordingly, his Guidelines range is 12 to 18 months' imprisonment. *Id*. at ¶ 110.

The fine range is $20,000 (the Guidelines minimum fine)[3] to $1 million (the statutory maximum fine). *Id.* at ¶ 113.

---

[2] Defendant objects to the three-level enhancement under U.S.S.G. §3B1.1(b). The Government agrees with Probation's application of that enhancement. *See* PSR ¶ 22 ("Van Avermaet supervised and directed two other G4S executives involved in the conspiracy[.]"). But, for the reasons set forth in this submission, the Government respectfully urges the Court to accept the Recommended Sentence irrespective of whether the Defendant is considered a supervisor under the circumstances.

[3] Section 2R1.1(c)(1) states that "[f]or an individual, the guideline fine range shall be from one to five percent of the volume of commerce, but not less than $20,000."

## SENTENCING RECOMMENDATION

The Government recommends that the Court accept the Defendant's plea and impose the Recommended Sentence, which includes a criminal fine of $20,000 and a period of three (3) years' probation. The Government makes this recommendation after considering the sentencing factors enumerated in 18 U.S.C. § 3553(a) and the Guidelines and policies promulgated by the United States Sentencing Commission, as well as the nature and circumstances of the Defendant's criminal actions in this case and his pre-trial acceptance of responsibility.

A district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Gall*, 128 S. Ct. 586, 594 (2007) (citation omitted). The district court should next consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. at 596. "In so doing, [the district judge] may not presume that the Guidelines range is reasonable. [The district judge] must make an individualized assessment based on the facts presented." *Id*. at 596-97 (citation omitted). The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment. 18 U.S.C. § 3553(a)(2). The Court also must consider the history and characteristics of the defendant, the sentencing range under the Guidelines, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7).

A district court may accept a plea agreement under Rule 11(c)(1)(C) "if the court is satisfied either that: (1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of reasons form." U.S.S.G. § 6B1.2 (Policy

5

Statement); *see also Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality) (quoting same).

Here, the Recommended Sentence deviates from the applicable Guidelines range, but it is supported by multiple "justifiable reasons."

First, the agreement conserves substantial judicial and governmental resources. Van Avermaet is a Belgian national, and Belgium will not extradite its own citizens. In the absence of a plea agreement, there is no way to compel his presence in the United States for trial. Thus, this plea agreement will conserve prosecutorial and judicial resources that could otherwise be wasted preparing for a trial that may not ultimately proceed.

Second, the specific facts of Van Avermaet's involvement in the charged conspiracy pose issues of relative culpability. Although Van Avermaet was a party to the conspiracy charged in the Indictment, he announced his departure from G4S in November of 2019, and left the company in January 2020. That fact is significant, because the NATO contract referenced in the Indictment was bid on in January 2020 and awarded in February 2020—after Van Avermaet had left G4S. Bids for the DoD contract referenced in the Indictment were due in March 2020, and the contract was awarded in July 2020—likewise, all after Van Avermaet departed. None of the other six executives involved in the conspiracy voluntarily departed from their respective companies prior to the bidding or award of the two relevant contracts. Moreover, because of the timing of Van Avermaet's departure from G4S, he had no discernable direct financial gain from the conspiracy.

Third, the agreement requires Van Avermaet to fully cooperate with the Government on an ongoing basis. His cooperation may help the United States in prosecuting the remaining fugitive defendants in this case.

Finally, the plea agreement appropriately accounts for Van Avermaet's individual characteristics. At fifty-seven years-old, Van Avermaet is a first-time offender with no known criminal history. Van Avermaet is the only indicted defendant who has voluntarily submitted to this Court's jurisdiction and accepted responsibility for his role in the conspiracy. Further, Van Avermaet has a related parallel proceeding pending against him in Belgium, and this plea agreement could have collateral consequences in that proceeding, making his acceptance of responsibility even more impactful. Although the Recommended Sentence does not include a period of incarceration, it does require three years of probation and a $20,000 fine, which the Government views as sufficient under the circumstances.

As for restitution, in consultation with U.S. victims and in light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the Recommended Sentence does not include restitution for the offense charged in the Indictment.

For these reasons, the Government respectfully asks the Court to accept the plea agreement and its Recommended Sentence.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court accept the Defendant's plea and sentence him to pay to the United States a criminal fine of $20,000, and to serve a period of three (3) years' probation.

Dated: May 21, 2025
New York, NY

                                        Respectfully submitted,

                                        /s/ *Kathryn Carpenter*
                                        KATHRYN CARPENTER
                                        DINA HOFFER
                                        JENA TIERNAN
                                        Trial Attorneys
                                        U.S. Department of Justice,
                                        Antitrust Division
                                        201 Varick Street
                                        Room 1006
                                        New York, NY 10014
                                        Telephone: (212) 824-1345

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I caused a true and correct copy of the foregoing "Government's Memorandum in Aid of Sentencing" to be served upon the parties of record via the Court's CM/ECF system.

    /s/ Kathryn Carpenter
KATHRYN CARPENTER
U.S. Department of Justice, Antitrust Division
201 Varick St., Ste. 1006
New York, NY 10014
Phone: (202) 676-6179
E-mail: Kathryn.Carpenter2@usdoj.gov

*Attorney for United States of America*